UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OUSSEYNOU CISSOKHO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PANERA, LLC<br><br>Defendant. | Civil Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Ousseynou Cissokho, individually and on behalf of all others similarly situated, by and through his undersigned counsel, hereby brings this Collective and Class Action Complaint against Defendant Panera, LLC ("Defendant"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1. Plaintiff brings this action for himself and all other similarly situated Bakery Training Specialists ("BTS") to recover unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Additionally, Plaintiff brings this action for himself and all other similarly situated BTS to recover unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the D.C. Minimum Wage Act Revision Act of 1992 ("DCMWA"), D.C. Code §§ 32-1001, *et seq.*, and the D.C. Wage Payment and Wage Collection Act ("DCWPA"), D.C. Code §§ 32-1301, *et seq.* (D.C. laws hereinafter

referred to as "D.C. Wage-and-Hour Laws").

3. Further, Plaintiff brings this action for himself and all other similarly situated BTS to recover unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Virginia Wage Payment Act ("VWPA"), Va. Code § 40.1-29, *et seq.*, the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2, *et seq.* (Virginial laws hereinafter referred to as "Virginia Wage-and-Hour Laws").

4. Defendant provides food and beverage services to customers in areas including, but not limited to, District of Columbia, Maryland, Missouri, California, and Virginia.

5. Plaintiff and the putative FLSA collective and Rule 23 class members are current and/or former BTS employees employed by Defendant in the last three (3) years, who were deprived of legally-mandated wages as a result of the following unlawful policies maintained by Defendant:

   a. Failing to properly track all BTS hours worked.
   b. Failing to pay BTS for any hours worked in excess of 40 hours in a workweek.

6. As a result of these policies, Defendant failed to pay BTS for all hours worked, including hours worked in excess of forty (40) hours in a week, in violations of the FLSA and D.C. Wage-and-Hour Laws.

7. Plaintiff asserts the FLSA claims individually and on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of the members of the putative "FLSA Collective," defined as: *all current and former individuals employed in the position of BTS by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective members informing them of their rights to assert FLSA claims in this collective action by filing

consent forms.

9. Plaintiff asserts claims under the D.C. Wage-and-Hour Laws individually and on a class basis pursuant to Fed. R. Civ. P. 23 on behalf of the members of the putative "Rule 23 D.C. Class," defined as: *all current and former individuals employed in the position of BTS by Defendant in the District of Columbia at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

10. Additionally, Plaintiff asserts claims under the Virginia Wage-and-Hour Laws individually and on a class basis pursuant to Fed. R. Civ. P. 23 on behalf of the members of the putative "Rule 23 Virginia Class," defined as: *all persons presently of formerly employed by Defendant in the position of BTS or in positions with substantially similar job duties that worked in the Commonwealth of Virginia at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Virginia Class").*

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

12. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14. The Court has general personal jurisdiction over Defendant because it is domiciled in the District of Columbia.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant reside in this District.

## PARTIES

16. Defendant Panera, LLC is a limited liability company with a headquarters located at 6710 Clayton Road, St. Louis, MO 63117.

17. Plaintiff, Ousseynou Cissokho, is a resident of Montgomery County, Maryland.

18. Plaintiff was employed by Defendant as a baker from approximately 2014 through 2018, and as a BTS from approximately 2018 through approximately April 2024.

19. Plaintiff worked for Defendant in District of Columbia and Virginia.

20. Plaintiff received his wages from Defendant Panera, LLC.

21. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS[1]

22. Defendant operates an enterprise engaged in commerce or in the production of goods for commerce, as defined under the FLSA.

23. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

24. Defendant is an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as baked goods.

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

4

25. BTS are engaged in commerce when working for Defendant.

26. Defendant is the "employer" of BTS for the purposes of the FLSA and D.C. Wage-and-Hour Laws.

27. Defendant employs individuals in the position of BTS to, *inter alia* schedule shifts for bakers in Plaintiff's territory, drive between assigned locations and ensure that the bakery departments and those departments respective baking equipment is functioning properly, cover shifts following unplanned baker cancellations.

28. BTS are "employees" of Defendant for purposes of the FLSA and D.C. Wage-and-Hour Laws.

29. Defendant suffers and permits BTS to work in excess of forty (40) hours in most workweeks.

30. Despite Defendant's knowledge that BTS regularly work in excess of forty (40) hours, Defendant did not pay BTS their wages for working overtime.

31. For example, Plaintiff worked in excess of forty (40) hours in most workweeks since beginning as a BTS and was not paid more than forty (40) hours in those weeks.

32. Defendant has willfully violated the FLSA and the D.C. Wage-and-Hour Laws.

33. Defendant knew, and/or recklessly disregarded that fact that BTS worked hours in excess of forty (40) during weeks in which they were only paid for working forty (40) hours.

34. Despite that knowledge, Defendant has not paid BTS the back overtime wages they know they are owed.

35. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor

or any administrative practice or enforcement policy of such a department or bureau.

## **COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff re-alleges and incorporates all previous paragraphs herein.

37. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all BTS who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

38. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of:

> *All current or former employees employed in the position of Baker Training Specialist ("BTS") or in positions with similar job duties, who worked for Defendant at any point in the past three (3) years ("FLSA Collective").*

39. Plaintiff estimates that there are in excess X other similarly situated individuals in the position of BTS who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described herein. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. The FLSA Collective may be informed of the pendency of this Collective Action by direct mail, e-mail, text message, and/or publication.

40. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Collective are similarly situated.

41. Plaintiff and the FLSA Collective were similarly denied overtime compensation at 1.5 times their regular rate of pay, had the same or similar job classifications and job duties, and

were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

42. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay the FLSA Collective an overtime premium based on 1.5 times their "regular rate" of pay for all hours worked over forty (40) in a workweek, have impacted the FLSA Collective in the same fashion.

43. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## **RULE 23 D.C. CLASS ACTION ALLEGATIONS**

44. Plaintiff re-alleges and incorporates all previous paragraphs herein.

45. Plaintiff brings this action individually and on behalf of the following district-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All persons presently of formerly employed by Defendant in the position of BTS or in positions with substantially similar job duties that worked in the District of Columbia at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 D.C. Class").*

46. The members of the Rule 23 D.C. Class are so numerous that joinder of all members is impractical. The Rule 23 D.C. Class members may be informed of the pendency of this action by direct mail, e-mail, and text message.

47. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 D.C. Class, including, but not limited to:

A. Whether Plaintiff and the Rule 23 D.C. Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the DCMWA

7

and DCWPA;

B.       Whether Plaintiff and the Rule 23 D.C. Class members worked in excess of forty (40) hours per workweek;

C.       Whether Plaintiff and the Rule 23 D.C. Class performed off-the-clock work;

D.       Whether Plaintiff and the Rule 23 D.C. Class have suffered and are entitled to damages and, if so, in what amount; and

E.       Whether Plaintiff and the Rule 23 D.C. Class can recover liquidated damages (quadruple damages) of unpaid wages and reasonable attorneys' fees and costs under the DCMWA and DCWPA.

48.       Plaintiff's claims are typical of the claims of the Rule 23 D.C. Class members. Plaintiff is a former employee of Defendant employed in the position of BTS who has suffered similar injuries as those suffered by the Rule 23 Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the D.C. Wage-and-Hour Laws has impacted the Rule 23 D.C. Class in the exact same way.

49.       Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 D.C. Class. Plaintiff is similarly situated to the Rule 23 D.C. Class and has no conflict with the Rule 23 D.C. Class members.

50.       Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

51.       Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.       The prosecution of separate actions by or against individual members of the Rule 23 D.C. Class would create a risk of inconsistent or varying adjudication with respect to individual

members of the Rule 23 D.C. Class that would establish incompetent standards of conduct for Defendant;

B. Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the D.C. Wage-and-Hour Laws, has acted or refused to act on grounds generally applicable to the Rule 23 D.C. Class, thereby making equitable relief appropriate with respect to the Rule 23 D.C. Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Rule 23 D.C. Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

52. A Class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 D.C. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 D.C. Class members to bring individual claims.

53. The presentation of separate actions by individual Rule 23 D.C. Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 D.C. Class to protect his or her interests.

## **RULE 23 VIRGINIA CLASS ACTION ALLEGATIONS**

54. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

55. Plaintiff brings this action individually and on behalf of the following district-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All persons presently of formerly employed by Defendant in the position of BTS or in positions with substantially similar job duties that worked in the Commonwealth of Virginia at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Virginia Class").*

56. The members of the Rule 23 Virginia Class are so numerous that joinder of all members is impractical. The Rule 23 Virginia Class members may be informed of the pendency of this action by direct mail, e-mail, and text message.

57. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Virginia Class, including, but not limited to:

A. Whether Plaintiff and the Rule 23 Virginia Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the Virginia Wage-and-Hour Laws;

B. Whether Plaintiff and the Rule 23 Virginia Class members worked in excess of forty (40) hours per workweek;

C. Whether Plaintiff and the Rule 23 Virginia Class performed off-the-clock work;

D. Whether Plaintiff and the Rule 23 Virginia Class have suffered and are entitled to damages and, if so, in what amount; and

E. Whether Plaintiff and the Rule 23 Virginia Class can recover liquidated damages of unpaid wages and reasonable attorneys' fees and costs under the Virginia Wage-and-Hour

Laws.

58.     Plaintiff's claims are typical of the claims of the Rule 23 Virginia Class members. Plaintiff is a former employee of Defendant employed in the position of BTS who has suffered similar injuries as those suffered by the Rule 23 Virginia Class as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the Virginia Wage-and-Hour Laws has impacted the Rule 23 Virginia Class in the exact same way.

59.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Virginia Class. Plaintiff is similarly situated to the Rule 23 Virginia Class and has no conflict with the Rule 23 Virginia Class members.

60.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

61.     Pursuant to Rule 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Rule 23 Virginia Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Virginia Class that would establish incompetent standards of conduct for Defendant;

B.      Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the Virginia Wage-and-Hour Laws, has acted or refused to act on grounds generally applicable to the Rule 23 Virginia Class, thereby making equitable relief appropriate with respect to the Rule 23 Virginia Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Rule 23 Virginia Class predominate over any questions affecting only individual members and a class

action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

62. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Virginia Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Virginia Class members to bring individual claims.

63. The presentation of separate actions by individual Rule 23 Virginia Class members could create a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Virginia Class to protect his or her interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME WAGES**
(*Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b)*)

64. Plaintiff re-alleges and incorporates all previous paragraphs herein.

Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

65. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40)

hours per week.

66. In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

67. However, Plaintiff and the FLSA Collective members did not receive overtime compensation for the hours worked in excess of forty (40) per workweek.

68. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA Collective members overtime pay at a rate of 1.5 times of their regular rates of pay for hours worked in excess of forty (40) in a workweek.

69. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

70. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

71. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

72. Defendant is liable to Plaintiff and the FLSA Collective for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**COUNT II**
**D.C. MINIMUM WAGE ACT REVISION ACT OF 1992**
**D.C. Code §§ 32-1001, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
(*Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23*)

73. Plaintiff re-alleges and incorporates all previous paragraphs herein.

74. Defendant was an "employer" of Plaintiff and the Rule 23 D.C. Class within the meaning of the DCMWA. D.C. Code § 32-1002(3).

75.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one workweek. D.C. Code § 32-1003(c).

76.     Plaintiff and the Rule 23 D.C. Class members worked over forty (40) hours a week.

77.     Plaintiff and the Rule 23 D.C. Class members did not receive overtime compensation for working in excess of forty (40) hours per workweek.

78.     Defendant violated the DCMWA by knowingly failing to pay Plaintiff and the Rule 23 D.C. Class at least one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one workweek.

79.     Defendant's violations of the DCMWA were willful.

80.     Pursuant to the DCMWA, Defendant is liable to Plaintiff and the Rule 23 D.C. Class for unpaid overtime wages, and amount equal to three (3) times the unpaid overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT III**
**D.C. WAGE PAYMENT AND WAGE COLLECTION ACT**
**D.C. Code §§ 32-1301,** *et seq.*
**FAILURE TO PAY WAGES UNDER THE DCWPA**
(***Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23***)

81.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

82.     Defendant was an "employer" of Plaintiff and the Rule 23 D.C. Class within the meaning of the DCWPA. D.C. Code § 32-1301(1).

83.     The DCWPA requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

84.     The DCWPA defines "wages" to include, among other things, regular and overtime

wages. *See* D.C. Code § 32-1301(3).

85. Defendant violated the DCWPA by knowingly failing to timely pay Plaintiff and Rule 23 D.C. Class members all wages due, including regular and overtime wages.

86. Defendant's violations under the DCWPA were willful.

87. Pursuant to the DCWPA, Defendant is liable to Plaintiff and the Rule 23 D.C. Class for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorneys' fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**COUNT IV**
**VIRGINIA OVERTIME WAGE ACT**
**Va. Code Ann. § 40.1-29.2**
**FAILURE TO PAY OVERTIME**
(***Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23***)

88. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

89. The Virginia Overtime Wage Act ("VOWA") provides: "[a]ny employer that violates the overtime pay requirements of the federal Fair Labor Standards Act . . . shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29."

90. Defendant was an "employer" of Plaintiff and the other members of the Rule 23 Virginia Class, for purposes of the VOWA.

91. Plaintiff and the other members of the Rule 23 Virginia Class were "employees" of Defendant, for purposes of the VOWA.

92. Defendant employed Plaintiff and the other members of the Rule 23 Virginia Class,

for purposes of the VOWA.

93. Defendant required Plaintiff and the other members of the Rule 23 Virginia Class to work over forty (40) hours in most weeks.

94. Defendant failed to pay Plaintiff and the other members of the Rule 23 Virginia Class for all hours worked.

95. In many weeks, the hours worked for which Defendant failed to pay Plaintiff and the other members of the Rule 23 Virginia Class were in excess of forty (40) hours and should have been paid at time-and-a-half (1.5) of their regular rates of pay, but instead were not paid at all.

96. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of Plaintiff's and the Rule 23 Virginia Class members' work hours were recorded and paid at time-and-a-half (1.5) of their regular rates of pay.

97. Va. Code Ann. § 40.1-29.2 and Va. Code Ann. § 40.1-29(J) provide that as a remedy for a violation of the FLSA's overtime requirements, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) and liquidated damages, plus pre-judgment interest, costs, and reasonable attorneys' fees.

## COUNT V
### VIRGINIA WAGE PAYMENT ACT
### Va. Code Ann. § 40.1-29(A)
### **FAILURE TO PAY HOURLY WAGES FOR NON-OVERTIME WORK**
(***Brought Individually and on a Class Basis Pursuant to Fed. R. C. P. 23***)

98. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

99. Defendant was an "employer" of Plaintiff and the other members of the Rule 23 Virginia Class, for purposes of the VWPA.

100. Plaintiff and the other members of the Rule 23 Virginia Class were "employees" of Defendant, for purposes of the VWPA.

101. Defendant employed Plaintiff and the other members of the Rule 23 Virginia Class, for purposes of the VWPA.

102. Defendant failed to pay Plaintiff and the other members of the Rule 23 Virginia Class for all hours worked.

103. Defendant knowingly and/or recklessly disregarded its obligations to ensure that all of Plaintiff's and the Rule 23 Virginia Class members' work hours were recorded and paid at their regular rates of pay.

104. Va. Code Ann. § 40.1-29(J) provides that as a remedy for a violation of the Va. Code Ann. § 40.1-29(J), an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) and liquidated damages, plus pre-judgment interest, costs, and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective and Rule 23 D.C. Class, respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the D.C. Wage-and-Hour Laws;

(C) A declaratory judgment that Defendant's wage practices alleged herein violate the Virginia Wage-and-Hour Laws;

(D) An Order for injunctive relief ordering Defendant to comply with the FLSA, D.C.

Wage-and-Hour Laws, and Virginia Wage-and-Hour Laws, and end all of the illegal wage practices alleged herein;

(E) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(F) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the D.C. Wage-and-Hour Laws claims set forth herein;

(G) Certifying this action as a class action pursuant to Fed. R. Civ. P. 23 with respect to the Virginia Wage-and-Hour Laws claims set forth herein;

(H) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(I) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(J) Designating Plaintiff as the representative of the FLSA Collective, Rule 23 D.C Class, and Rule 23 Virginia Class in this action;

(K) Designating the undersigned counsel as counsel for the FLSA Collective, Rule 23 D.C. Class, and Rule 23 Virginia Class in this action;

(L) Judgment for damages for all unpaid overtime wages, and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(M) Judgment for damages for all unpaid overtime wages and an amount equal to three

times the amount of unpaid overtime wages as liquidated damages, and pre- and post-judgment interest to which Plaintiff and the Rule 23 D.C. class members are lawfully entitled under the D.C. Wage-and-Hour Laws;

(N)    Judgment for damages for all unpaid wages and overtime wages, liquidated damages, and pre- and post-judgment interest to which Plaintiff and the Rule 23 Virginia Class members are lawfully entitled under the Virginia Wage-and-Hour Laws;

(O)    An incentive award for the Plaintiff for serving as representative of the FLSA Collective, Rule 23 D.C Class, and Rule 23 Virginia Class in this action;

(P)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, D.C. Wage-and-Hour Laws, and Virginia Wage-and-Hour Laws;

(Q)    Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective, Rule 23 D.C. Class members, and Rule 23 Virginia Class members may be entitled; and

(R)    Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, Ousseynou Cissokho, individually and on behalf of all other FLSA Collective, Rule 23 D.C. Class members, and Rule 23 Virginia Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: September 4, 2024

By: *Stephen Lebau*
Stephen B. Lebau, Esq. #1011093
LEBAU & NEUWORTH, LLC
502 Washington Avenue
Suite 720
Towson, MD 21204
TEL: 443-273-1203
FAX: 410-296-8660
sl@joblaws.net

19

Local Counsel

/s/ Edmund Celiesius
Edmund C. Celiesius
*Visting Attorney (motion forthcoming)*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
ed.celiesius@jtblawgroup.com
*Lead Counsel for Plaintiff*
*To Be Admitted Pro Hac Vice*